06 6169

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

REINA RAMIREZ,

Docket No.

                Plaintiffs,

        -against-

                                **COMPLAINT**

TERRY RIFKIN & LEAH RIFKIN,

                Defendants.

-----------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.     This action seeks redress for serious transgressions of the federal Fair Labor Standards Act (FLSA) and the New York Wages and Hours Law. In a fundamental breach of these statutory obligations, defendants Terry Rifkin and Leah Rifkin ("defendants") paid Reina Ramirez ("plaintiff") less then the minimum wage, failed to pay plaintiff overtime compensation, failed to pay plaintiff an additional hour of "spread of hours" pay at minimum wage for every day in which she worked more than ten hours, and failed to maintain employment records.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because these claims arise under a statute of the United States.

3.     The court has supplemental jurisdiction over plaintiff's claims under the New York Minimum Wage Act, New York Labor Law § 650 *et seq.*, pursuant to 28 U.S.C. § 1367

1

because these claims are so closely related to plaintiffs' claims under the Fair Labor Standards Act that they form parts of the same case or controversy under Article III of the United States Constitution.

4.     Pursuant to § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), plaintiff has consented in writing to becoming parties to this lawsuit. Plaintiff's written consent to be part of this action is attached hereto and is incorporated by reference.

5.     Venue is vested in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), as events giving rise to the claims occurred in this district and defendants reside in this district.

## PARTIES

6.     Plaintiff Reina Ramirez was employed by defendants in their home, located at 6 Myrtle Drive, Great Neck, New York, 11021, from on or around June 1993 to December 8, 2005. Plaintiff resides in the State of New York.

7.     Defendants Terry Rifkin and Leah Rifkin were employers of plaintiff. Defendants hired, supervised, controlled, and paid her.

## FACTUAL ALLEGATIONS

8.     Reina Ramirez accepted an offer of employment and began working at the home of defendants as a housekeeper in or around June, 1993.

9.     For approximately twelve-and-a-half years, plaintiff worked for defendants as a housekeeper, cook, and child care provider. For the first ten years, plaintiff worked five days per week, beginning Tuesday morning and ending Sunday morning. She slept in defendants' home on Tuesday, Wednesday, Thursday, Friday, and Saturday nights. During this period, plaintiff

2

worked approximately between 65 and 70 hours per week **and** received between $300 and $360 in wages from defendants. She usually worked from about **6:30** a.m. to about 9:00 p.m., with about an hour break during the day. For most of this period, **plaint**iff's wage was below the federal and state minimum wage rates, which were $4.25 **in 1993**, and rose to $4.75 per hour in 1996, and to $5.15 per hour in 1997. In January 2005, the **state** minimum wage increased to $6.00 per hour. Plaintiff worked over 25 hours per week of **over**time for which she received no additional compensation. In addition, plaintiff did not **receive an** additional hour of pay for those days in which she worked over ten hours in one day.

10.      In or around the summer of 2003, plaintiff **began** sleeping in her own home each night, except for Friday nights. She continued working five **days** per week, and approximately 45 to 49 hours per week. Sometime around 2004, defendants **raised** plaintiff's wages to $380 per week to help cover the costs of her transportation. Plaintiff **continu**ed to work overtime hours for which she received no additional compensation. In addition, **plaint**iff did not receive an additional hour of pay for those days in which she worked **over** ten hours in one day, in particular, Fridays.

11.      In or around the fall of 2005, plaintiff **requested** an additional raise, because of the increase in transportation costs to and from work. **Defendan**ts then paid her $400 per week for several weeks.

12.      On December 8, 2005, defendants told **plaintiff that** her services were no longer needed. Defendants told plaintiff to leave and that her **employ**ment was terminated as of that day.

13.      Plaintiffs' duties included cleaning, dust**ing, vac**umming, mopping, sweeping, laundry, ironing, making coffee, preparing breakfast, was**hing** vegetables, putting away groceries,

3

walking and feeding defendants' dog, bathing defendants' **dog,** making beds and straightening up bedrooms, cleaning up after meals and parties, taking out **the trash,** babysitting defendants' children, unpacking defendants' suitcases, preparing food **for g**uests, preparing rooms for guests, picking up dirty clothes, cooking meals, folding clothes, **putting** closets in order, waiting for deliveries, and sewing labels in clothes.

14.    Defendants' failure to pay plaintiffs the minimum wage and overtime pay was willful and in bad faith. Defendants had no reasonable grounds for believing that their failure to pay the minimum wage and overtime pay was consistent with the Fair Labor Standards Act or the New York State Minimum Wages Act.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

15.    Because she was employed as a domestic worker, plaintiff was employed in an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 202(a).

16.    Section 6(a) of the FLSA, 29 U.S.C. § 206(a), provides that any employee employed in an enterprise engaged in commerce shall be paid wages at a rate not less than $5.15 per hour.

17.    Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that no employer engaged in commerce shall employ an employee for a work week longer than forty hours unless such employee receives compensation for her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed.

4

18. Section 16 of the FLSA, 29 U.S.C. § 216(b), provides that any employer who violates the provisions of 29 U.S.C. §§ 206 or 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

19. The United States Department of Labor calculates unpaid wages and overtime compensation for employees, like plaintiffs, who are paid by the week, by dividing the number of hours worked for each week by the amount of pay for that week. If that figure is less than the minimum wage of $5.15, the employee is owed the difference for all hours up to 40 per week. If the employee worked more than 40 hours per week, the employee is also owed one and one-half times the weekly wage (or times the minimum wage, if the weekly wage is less than the minimum wage) for all hours above 40 per week. Additional liquidated damages are due in an amount equal to the total unpaid minimum wages and unpaid overtime compensation.

20. Plaintiff is entitled to an award in the amount of minimum wages and overtime pay that defendants willfully failed to pay, plus liquidated damages, in an amount to be determined at trial, pursuant to 29 U.S.C. §§ 206, 207, 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK STATE MINIMUM WAGES AND OVERTIME

21. Plaintiff repeats and re-alleges paragraphs 1 through 20 above.

22. The New York State Minimum Wage Act provides that, effective March 31, 2000 through December 31, 2004, every employer shall pay to each of its employees for each hour worked a wage of not less than $5.15 (or any greater amount as may be established by the FLSA), and that beginning January 1, 2005, through December 31, 2005, every employer shall

5

pay to each of its employees for each hour worked a wage of not less than $6.00 (or any greater amount as may be established by the FLSA). New York Labor Law § 652(1).

23.     Pursuant to regulations issued by the State Commissioner of Labor, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA. 12 N.Y.C.R.R. § 142-2.2.

24.     Pursuant to New York Labor Law § 663, an employer who willfully fails to pay wages and overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due him.

25.     Plaintiff is entitled to an award in the amount of minimum wages and overtime pay that defendants willfully failed to pay, plus liquidated damages, in an amount to be determined at trial, pursuant to New York Labor Law §§ 652(1), 663, and 12 N.Y.C.R.R. § 142-2.2.

## THIRD CLAIM FOR RELIEF:
## NEW YORK STATE SPREAD OF HOURS

26.     Plaintiff repeats and re-alleges paragraphs 1 through 25 above.

27.     Defendants willfully failed to pay plaintiff an extra hour's pay at minimum wage for every day that plaintiff worked in excess of ten hours, in violation of New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and 12 N.Y.C.R.R. §§ 137-1.6, 142-2.4.

28.     Plaintiff is entitled to an award of an extra hour's pay for every day that plaintiff worked in excess of ten hours, plus liquidated damages, in an amount to be determined at trial, pursuant to New York Labor Law §§ 190, *et seq.*, 198, 650, *et seq.*, and 12 N.Y.C.RR. §§ 137-

6

1.6, 142-2.4.

## FOURTH CLAIM FOR RELIEF:
## MAINTENANCE OF EMPLOYMENT RECORDS

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 above.

30.     Upon information and belief, defendants intentionally failed to maintain adequate

and accurate written records for the hours worked and wages earned by plaintiffs in order to

facilitate their exploitation of plaintiffs' labor.

32.     Defendants' knowing and intentional acts constitute a violation of 29 U.S.C.

§§ 211(c), 215(a)(5), and 29 C.F.R. § 516.2.

33.     Defendants' knowing and intentional acts constitute a violation of New York

Labor Law § 195(4), and 12 N.Y.C.R.R. § 137-2.1.

34.     As a result of the foregoing, plaintiffs have been injured, and defendants have

profited thereby, in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment:

1.      Awarding unpaid wages, including minimum wage, plus liquidated damages

        and/or interest thereon, pursuant to 29 U.S.C. §§ 206, 216(b); New York Labor

        Law §§ 190, *et seq*, 198, 652(1), 663; and 12 N.Y.C.RR. §§ 137-1.6, 142-2.4;

2.      Awarding overtime pay and spread-of-hours pay, plus liquidated damages and/or

        interest thereon, pursuant to 29 U.S.C. §§ 207, 216(b); New York Labor Law §§

        190, *et seq*, 198, 652(1), 650, 663; and 12 N.Y.C.RR. §§ 137-1.6, 142-2.4;

3.      Awarding pre-judgment interest;

4.      Awarding reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C.

7

§ 216(b); and New York Labor Law §§ 198, 663;

5.    Declaring that defendants' failure to maintain adequate records is a violation of 29

U.S.C. §§ 211(c), 215(a)(5); 29 C.F.R. § 516.2; New York Labor Law § 195(4);

and 12 N.Y.C.R.R. § 137-2.1

6.    Awarding damages in an amount to be proven at trial for defendants' failure to

maintain adequate records;

7.    Awarding such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial

by jury on all questions of fact raised by the complaint.

Dated: New York, New York
        November 17, 2006

By: _Richard Blum_

Christopher D. Lamb, Esq. (CL 8145)
The Legal Aid Society
Employment Law Project
Richard Blum, Esq., of counsel (REB 0533)
Hollis V. Pfitsch, Esq., of counsel (HP 0522)
199 Water Street
New York, New York 10038

(212) 577-3648

8

## SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

I, Reina Ramirez, hereby consent to be a plaintiff in a lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
       November 15, 2006

_Reina Ramirez_
Reina Ramirez

Sworn to before me this 15th day of
November, 2006

_Richard E. Blum_
NOTARY PUBLIC

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4975295
Qualified in Kings County
Commission Expires December 3, 2006

## AFFIDAVIT OF TRANSLATION

I, Hollis V. Pfitsch, certify that I am fluent in both Spanish and English and that I have correctly and accurately translated the complaint and this document from English to Spanish, and that the plaintiff, Reina Ramirez, has assured me that she understands these documents.

Dated: New York, New York
       November 15, 2006

_Hollis V. Pfitsch_
Hollis V. Pfitsch

Sworn to before me this 15th day of
November, 2006

_Richard E. Blum_
NOTARY PUBLIC

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4975295
Qualified in Kings County
Commission Expires December 3, 2006